UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN WILLIAMS,
                                  Petitioner,        20 Civ. 2010 (LGS)

             -against-                   OPINION & ORDER

UNITED STATES OF AMERICA,
                                   Respondent.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Petitioner Steven Williams brings a petition (the "Petition") pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Petitioner moves to vacate his conviction or set aside his sentence of 150 months' imprisonment due to alleged ineffective assistance of counsel. For the following reasons, the Petition is denied.

## I.    BACKGROUND

On December 20, 2016, Petitioner was charged in a superseding indictment with (1) conspiracy to distribute or possess with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("Count One") and (2) money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) ("Count Two"). Over the course of a five-day jury trial, the Government introduced testimony of three cooperating witnesses -- Patrick Edwards, Louis Lombard and Miguel Chavez -- each of whom pleaded guilty to charges relating to their respective roles in the drug-trafficking conspiracy. The evidence at trial showed that the conspiracy consisted of Edwards procuring heroin and cocaine in Los Angeles and shipping those drugs to Petitioner in New York. Like Edwards, Chavez and Lombard were Los Angeles-based drug dealers. They testified to Edwards's activity in the Los Angeles side of the conspiracy. Only Edwards testified to Williams's personal involvement in the conspiracy in New York. *See United States v. Williams*, 787 F. App'x 8, 9 (2d Cir. 2019) (summary order), *cert. denied*, 140 S.

Ct. 645 (2019). The jury convicted Petitioner on the conspiracy charge and acquitted him on the money laundering charge.

A final presentence investigation report was filed on March 23, 2018. On April 3, 2018, Petitioner was sentenced to 150 months' incarceration and sixty months' supervised release.

Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals. Petitioner claimed that the Government improperly bolstered the testimony of the three cooperating witnesses -- by noting provisions in their cooperation agreements requiring them to tell the truth (the "truth-telling provisions") -- before the defense attacked the credibility of those witnesses. *Williams*, 787 F. App'x at 9. Petitioner also claimed that the prosecution improperly vouched for those cooperating witnesses by noting, at closing argument, that the cooperators knew they would be caught if they lied at trial. *Id.* at 11. The Second Circuit rejected both arguments, finding that (1) defense counsel put the cooperating witnesses' credibility at issue during opening statements and (2) several of the prosecutions' statements in closing did not constitute vouching, and that others that potentially were based on non-record materials "did not cause Williams substantial prejudice or rise to the level of flagrant abuse." *Id.* at 12.

## II.  STANDARD

A federal prisoner may move to vacate, set aside, or correct his sentence on four grounds pursuant to 28 U.S.C. § 2255:

> (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States, or [ (2) ] that the court was without jurisdiction to impose such sentence, or [ (3) ] that the sentence was in excess of the maximum authorized by law, or [ (4) ] is otherwise subject to collateral attack.'

*United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (alteration in original) (quoting 28 U.S.C. § 2255(a)), *cert. denied*, 140 S. Ct. 55 (2019). "In ruling on a motion under § 2255, the district court is required to hold a hearing 'unless the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief.'" *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255(b)). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief." *Id.* at 131.

### A. Procedural Default

"In general, a [petitioner] is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal," unless he "establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011); *accord Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019). However, "'in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance' because the district court is 'best suited to developing the facts necessary to determining the adequacy of representation during an entire trial.'" *United States v. Gaskin*, 364 F.3d 438, 467-68 (2d Cir. 2004) (quoting *Massaro v. United States*, 538 U.S. 500, 504-05 (2003)); *accord United States v. Noble*, No. 17 Crim. 123, 2020 WL 487407, at *1 (S.D.N.Y. Jan. 30, 2020).

### B. Ineffective Assistance

The Sixth Amendment provides "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). "There is 'a strong presumption that counsel's conduct fell within the wide range of professional assistance.'" *Weingarten v. United States*, 865 F.3d 48, 52 (2d Cir. 2017) (quoting *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015)). "To overcome that presumption, a petitioner must establish two elements. First, the petitioner must show that counsel's performance was deficient by demonstrating that the representation 'fell below an objective standard of reasonableness.'" *Weingarten*, 865 F.3d at 52

(quoting *Strickland*, 466 U.S. at 688). "Second, the petitioner must show that counsel's deficient representation was prejudicial to the defense by establishing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

"Actions and/or omissions taken by counsel for strategic purposes generally do not constitute ineffective assistance of counsel." *United States v. Melhuish*, 6 F.4th 380, 393 (2d Cir. 2021). Strategic decisions include whether to attack a witness's credibility and, if so, to what extent. *See Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002); *Dede v. United States*, 798 F. Supp. 2d 538, 540 (S.D.N.Y. 2011). A reviewing court may not second-guess a reasonable trial strategy simply because it was unsuccessful. *See Hightower v. United States*, No. 07 Crim. 1111, 2013 WL 3388957, at *2 (S.D.N.Y. July 8, 2013) (citing *Strickland*, 466 U.S. at 689).

### C.  Pro Se Pleadings

Courts must liberally construe pleadings and other submissions by pro se litigants "to raise the strongest claims [they] suggest[ ]." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quotation marks omitted). "Nevertheless, a pro se litigant is not exempt from 'compliance with relevant rules of procedural and substantive law.'" *Murphy v. Warden of Attica Corr. Facility*, No. 20 Civ. 3076, 2020 WL 2521461, at *1 (S.D.N.Y. May 15, 2020) (emphasis in original) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## III.  DISCUSSION

The Petition alleges counsel rendered ineffective assistance by: (1) making mistakes relating to the cooperating witnesses' credibility at trial; (2) failing to object to a limiting instruction about Petitioner's 2015 detention and release that did not include the reasons Petitioner was not charged; (3) failing to file a motion to suppress or challenge the quantity of

4

(quoting *Strickland*, 466 U.S. at 688). "Second, the petitioner must show that counsel's deficient representation was prejudicial to the defense by establishing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

"Actions and/or omissions taken by counsel for strategic purposes generally do not constitute ineffective assistance of counsel." *United States v. Melhuish*, 6 F.4th 380, 393 (2d Cir. 2021). Strategic decisions include whether to attack a witness's credibility and, if so, to what extent. *See Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002); *Dede v. United States*, 798 F. Supp. 2d 538, 540 (S.D.N.Y. 2011). A reviewing court may not second-guess a reasonable trial strategy simply because it was unsuccessful. *See Hightower v. United States*, No. 07 Crim. 1111, 2013 WL 3388957, at *2 (S.D.N.Y. July 8, 2013) (citing *Strickland*, 466 U.S. at 689).

### C.  Pro Se Pleadings

Courts must liberally construe pleadings and other submissions by pro se litigants "to raise the strongest claims [they] suggest[ ]." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quotation marks omitted). "Nevertheless, a pro se litigant is not exempt from 'compliance with relevant rules of procedural and substantive law.'" *Murphy v. Warden of Attica Corr. Facility*, No. 20 Civ. 3076, 2020 WL 2521461, at *1 (S.D.N.Y. May 15, 2020) (emphasis in original) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## III.  DISCUSSION

The Petition alleges counsel rendered ineffective assistance by: (1) making mistakes relating to the cooperating witnesses' credibility at trial; (2) failing to object to a limiting instruction about Petitioner's 2015 detention and release that did not include the reasons Petitioner was not charged; (3) failing to file a motion to suppress or challenge the quantity of

4

drugs taken from Edwards; (4) failing to hire a private investigator as requested by Petitioner and (5) failing to file a written motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.

Petitioner has not shown (1) that counsel's allegedly deficient representation fell below an objective standard of reasonableness and (2) a reasonable probability that, but for the alleged deficiencies, Petitioner's conviction or sentence would have been different. *Weingarten*, 865 F.3d at 52.

### A. Counsel's Conduct at Trial

The Petition asserts that Petitioner's trial counsel rendered ineffective assistance at trial by: (1) attacking Edwards's credibility in his opening statement, thus opening the door for the Government to emphasize the truth-telling provisions of his testimony; (2) failing to make a timely objection to the Government's emphasis on the truth-telling provisions during questioning and at summation and (3) stating in summation that he would not attack the credibility of Lombard and Chavez. Counsel's decisions do not rise to the level of ineffective assistance, first because they were objectively reasonable strategic choices, and second because they do not establish a reasonable probability of a different trial outcome.

First, in his opening, defense counsel told the jury that, to find Petitioner guilty, they would have to find Edwards was telling the truth beyond a reasonable doubt. Counsel then argued that the evidence would show Edwards's testimony to be inconsistent and not credible. Given that Edwards was the only cooperating witness who could directly testify about Petitioner's involvement in the drug conspiracy, defense counsel's decision to attack his credibility from the outset of trial was not an objectively unreasonable one, but instead a reasonable strategic choice.

Second, during the presentation of evidence, and again on summation, the Government emphasized the truth-telling provisions in the cooperating witnesses' agreements. The Petition alleges that defense counsel rendered ineffective assistance by failing to object to this allegedly improper vouching by the Government. This issue was raised on direct appeal to the Second Circuit, where Defendant asserted that the Government had improperly vouched for its witnesses. The Second Circuit concluded that many of the Government's statements that the cooperating witnesses were required to tell the truth were "permissible, 'simple common-sense argument,' not vouching" and that, on the whole, the Government's statements did not prejudice Petitioner. *Williams*, 787 F. App'x at 12. "[I]neffective assistance claims in a Section 2255 proceeding are precluded when the factual predicates of those claims, while not explicitly raised on appeal, were nonetheless impliedly rejected by the appellate court mandate." *Rivera v. United States*, No. 13 Crim. 424, 2021 WL 1625327, at *2 (S.D.N.Y. Apr. 27, 2021) (quoting *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010)). Although Petitioner did not raise his counsel's *failure to object* to the Government's alleged vouching on direct appeal, he did raise the Government's allegedly improper vouching in that proceeding, and he did not prevail on that ground. A finding that counsel rendered ineffective assistance by failing to object to the Government's vouching is thus precluded by the Second Circuit's decision that no improper vouching occurred in the first place.

Third, the Petition asserts that trial counsel provided ineffective assistance when, during summation, he stated that he would not attack the credibility of Lombard and Chavez. This argument is unpersuasive because defense counsel *did* attack the credibility of these witnesses, stating that the cooperating witnesses had an incentive to please the Government, rather than tell the truth. That defense counsel then focused on the credibility of Edwards -- the one witness who

6

could personally testify as to Petitioner's involvement in the conspiracy -- does not suggest ineffective assistance. Rather, as described above, counsel's decision was within the bounds of reasonable trial strategy.

### B. Pretrial Conference

The Petition claims that at the final pre-trial conference, defense counsel "agreed with the prosecution to hid[e] from the jury" that Petitioner had been arrested, questioned and released in October 2015 due to an alleged lack of proof of drug trafficking activity. Defense counsel did not challenge the Government's claim that the details of why it declined to charge Petitioner in 2015 were inadmissible hearsay and likely to confuse the jury. Defense counsel instead sought to introduce evidence of Petitioner's 2015 detention and release solely to (1) show that Petitioner was aware that law enforcement was investigating him as of October 2015, and therefore (2) argue to the jury that, if Petitioner were guilty, he would have attempted to hide certain financial transactions, given that he knew about the investigation. The parties agreed to a limiting instruction that evidence of the 2015 arrest and release was offered only to show that Petitioner was on notice of the investigation. This was a reasonable strategic decision by defense counsel. Introducing evidence at trial addressing whether the Government decided not to prosecute a defendant on an occasion separate from the ongoing criminal proceeding is generally considered unduly confusing to the jury, which is tasked with determining whether a defendant is guilty of the specific charges presented to it, not hypothetical charges that were or were not brought years prior. *See United States v. Klein,* No. 16 Crim. 442, 2017 WL 1316999, at *9 (E.D.N.Y. Feb. 10, 2017) (holding "diverting the jury's attention away from the question whether the prosecution has satisfied its burden of proof" by asking whether the government "got it right" on a separate occasion "invites a substantial danger of [jury] confusion"); *United States v. Borrero*, No. 13

Crim. 58, 2013 WL 6020773, at *2 (S.D.N.Y. Nov. 1, 2013) (holding that introduction of the specific reasons why the government elected not to file charges in the past would create "a risk of undue confusion" for the jury and would constitute "an unnecessary sideshow").

### C. Suppression Motion

The Petition claims that defense counsel failed to file a suppression motion or challenge the weight of drugs taken from co-conspirator Edwards. The Petition does not specify what drugs were taken from Edwards, but it appears to be referring to a kilogram of heroin that Williams and Edwards delivered to a confidential law enforcement source. Suppression motions are used to challenge Government introduction of evidence obtained in violation of a defendant's Fourth Amendment rights, such as warrantless searches or seizures of an individual's person or property without their consent. *See United States v. Reichberg*, 5 F.4th 233, 239 (2d Cir. 2021). The Petition does not specify how Petitioner's Fourth Amendment rights were even arguably violated. Construing the Petition broadly, no such violation is suggested by the record -- Petitioner and Edwards delivered the heroin to the law enforcement source, who ascertained its weight. Counsel's decision not to file a suppression motion was reasonable and does not rise to the level of ineffective assistance.

### D. Private Investigator

The Petition claims that defense counsel rendered ineffective assistance by "[f]ail[ing] to use funds requested by him, to hire a private investigator and kept said funds for himself, which in effect weakened [Petitioner's] case." The Petition does not specify how hiring a private investigator would have helped Petitioner's case or led to a different outcome. Nor is such a conclusion suggested by the record; the Government produced all material it held that (1) tended to exculpate Petitioner or (2) was relevant to cross-examination of its witnesses, as it was

8

required to do by law.  Defense counsel conducted fulsome cross-examinations of the Government's witnesses based on that material, and the record does not suggest that a private investigator would have produced additional information helpful to the defense.  In his reply brief, Petitioner claims that a private investigator would have discovered that Edwards played a larger role in the conspiracy than he testified to.  Petitioner notes that Chavez testified that Edwards had been involved in marijuana sales and that he claimed to have a significant relationship with Old Dominion Trucking related to his drug activity.  Petitioner does not explain how any allegedly missing information relating to these assertions would have produced a different outcome in this case, or how such information would have contravened the ample evidence in this case regarding Petitioner's activity in the conspiracy.  That defense counsel did not retain a private investigator does not rise to the level of ineffective assistance.  *See Pena v. United States*, 192 F. Supp. 3d 483, 494 (S.D.N.Y. 2016) (declining to continue trial to hire new private investigator after first investigator could not testify, concluding that decision not to use an investigator was strategic and non-prejudicial).

### E. Rule 29 Motion

The Petition alleges that defense counsel provided ineffective assistance by refusing to file a written motion for a judgment of acquittal pursuant to Rule 29.  Defense counsel made an oral Rule 29 motion before jury deliberations, and the Court reserved judgment.  That motion was *de facto* denied when, following the jury verdict of guilty on Count 1, the Court entered a judgment of conviction.  *See United States v. Liu*, 515 F. App'x 49, 51 (2d Cir. 2013) (summary order) ("[W]e hold that while the District Court did not explicitly state its denial of [defendant's] Rule 29 motion, its subsequent entry of a judgment of conviction makes plain that it denied the motion.").  The Petition does not explain why a written Rule 29 motion would have produced a

different outcome, nor is such an outcome suggested by the record.  In his reply brief, Petitioner states that the Court would be inclined to question his conviction on the drug trafficking charge of Count One because a written post-trial Rule 29 motion would have noted that he was not convicted on the money laundering charge of Count Two.  That Petitioner was acquitted on Count Two, which required proof of different elements than Count One, does not call into question whether the government met its burden to prove the elements of Count One.  Petitioner's reply also generally notes testimony stating that Edwards was paid for drug shipments on consignment, but that evidence (1) was in the record at the time counsel's oral Rule 29 motion was denied and (2) is not exculpatory.  Defense counsel's decision not to file a written Rule 29 motion does not rise to the level of ineffective assistance.  *See Awulye v. United States,* No. 17 Civ. 4365, 13 Crim. 875-1, 2020 WL 774093, *4 (S.D.N.Y. Feb. 18, 2020) ("there is no professional requirement that defense counsel file a motion for a judgment of acquittal on every count in every case no matter the merits of the motion").

### IV. CONCLUSION

For the reasons stated above, the Petition is denied.  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close the motion at Docket Number 1 in 20 Civ. 2010 and the motion at Docket Number 86 in 16 Crim. 526.

Dated: November 16, 2021
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**